UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL LIBERTY INSURANCE COMPANY OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>MARIA FATIMA GONZALEZ,<br><br>Defendant. | Case No. 16-cv-06653-JD<br><br>**ORDER RE RECONSIDERATION** |

On November 16, 2016, plaintiff Global Liberty Insurance Company of New York ("GLIC") filed a complaint with a single count for declaratory relief. Dkt. No. 1. The question presented is whether GLIC has a duty to defend its insured, defendant Maria Fatima Gonzalez (operating as RF Limousine), under an auto insurance policy in a state court action for wrongful death. Without any further litigation, the parties represented to the Court in January 2017 that there was no longer a controversy and that Gonzales did not "dispute the lack of coverage." Dkt. Nos. 10, 13. The parties asked the Court to enter declaratory relief and judgment, relieving GLIC from all claims in the underlying state action. Dkt. No. 10. The Court declined. Dkt. No. 12. GLIC now seeks reconsideration of that decision in an ex parte motion. Dkt. No. 13.

As an initial matter, the Court has concerns about the propriety of a declaratory judgment in this case. The parties have never appeared before it, and the Court has no visibility into the appropriateness of declaratory judgment because it has not been litigated in any way beyond the filing of the complaint and the request to enter judgment. In addition, Gonzalez appears to be without a lawyer and purportedly has stipulated to relief that looks to be firmly against her interests. It is also unclear why this dispute cannot be resolved in the state action and whether there was, in fact, a "case or controversy" at the time the complaint was filed, given that

1  immediately following service, "defendant confirmed that she does not dispute any of the

2  allegations in the complaint." Dkt. No. 13 at 2.  Because the Court has no obligation to grant

3  declaratory judgment, and will not do so if it serves an illegitimate purpose, the Court declines to

4  issue judgment and uses its discretion to dismiss the case.  *Leadsinger, Inc. v. BMG Music Publ'g*,

5  512 F.3d 522, 533 (9th Cir. 2008); *see also Exxon Shipping Co. v. Airport Depot Diner, Inc.*, 120

6  F.3d 166, 168 (9th Cir. 1997).  The Clerk is directed to close the case and vacate any set hearings.

7  **IT IS SO ORDERED.**

8  Dated:  February 14, 2017

_____
JAMES DONATO
United States District Judge